(84 South. 545)

BAKER et al. v. GREEN.   (7 Div. 598.)

(Court of Appeals of Alabama.   Nov. 18, 1919.
Rehearing Denied Dec. 16, 1919.)

1. PARTIES ⬦⬦6(2)—PLAINTIFF HELD REAL PARTY IN INTEREST.

Where one who agreed to furnish an aviator to give demonstration at a fair, being unable to furnish the aviator specified, indorsed on the contract, a direction to pay plaintiff, who was accepted by defendants, *held* that, under Code 1907, § 2489, plaintiff was the real party in interest, and action was properly brought in his name.

2. CONTRACTS ⬦⬦28(2)—PRELIMINARY LETTERS AND DOCUMENTS ADMISSIBLE.

In an action on a contract, plaintiff claiming that he had been substituted for the aviator originally specified by defendants, preliminary letters and documents relating to the contract involved and passing between the parties which were material to that issue are admissible.

3. CONTRACTS ⬦⬦240 — PLAINTIFF, HAVING BEEN SUBSTITUTED FOR THE ORIGINAL PARTY, IS ENTITLED TO AGREED COMPENSATION.

Where defendants requested Y. to furnish them an aviator for exhibition flights, and, it being impossible to furnish the particular aviator desired, Y. sent plaintiff to take his place, directing that payment be made to plaintiff, there was a substitution of parties, where defendants accepted plaintiff, and, having given the exhibition, he is entitled to recover the agreed compensation.

4. EVIDENCE ⬦⬦445(1) — LETTERS AND TELEGRAMS RELATING TO MODIFICATION OF WRITTEN CONTRACT ADMISSIBLE.

Letters and telegrams relating to modification of written contract are admissible in evidence.

5. APPEAL AND ERROR ⬦⬦1052(2)—ERROR IN ADMITTING COPY CURED BY ADMISSION OF ORIGINAL.

Where defendants subsequently offered original letter, they cannot complain of the introduction by plaintiff of a copy.

6. EVIDENCE ⬦⬦471(28)—QUESTION CALLING FOR CONCLUSION OF A WITNESS AS TO FRAUD IS PROPERLY EXCLUDED.

A question in an action for breach of contract, calling for the conclusion of a witness as to whether there had been fraud, is properly excluded.

7. APPEAL AND ERROR ⊛⟹205—WITHOUT OF-
FER OF PROOF, SUSTAINING AN OBJECTION
TO A QUESTION IS NOT REVERSIBLE ERROR.

Unless there is an offer of proof as to what
the answer to a question would have been, or
the question itself discloses what is expected,
the trial court will not be put in error for sus-
taining an objection to a question.

8. EVIDENCE ⊛⟹471(25) — QUESTION AS TO
PERFORMANCE OF CONTRACT PROPERLY EX-
CLUDED AS CONCLUSION OF WITNESS.

In an action by plaintiff, who claimed that
he had been substituted for the original aviator
whom defendants engaged, objection to ques-
tion whether plaintiff performed his contract
was properly sustained, as it called for the con-
clusion of a witness to the question involved.

9. WORK AND LABOR ⊛⟹24(2) — VALUE OF
SERVICES ADMISSIBLE, WHERE THERE WAS
A COUNT JUSTIFYING RECOVERY INDEPEND-
ENT OF CONTRACT.

In an action of assumpsit on a written con-
tract, where there was a count for services
performed, on which recovery might have been
had independent of the contract, plaintiff was
entitled to testify as to the value of the services.

10. EVIDENCE ⊛⟹474(17) — DEFENDANT'S
OPINION AS TO VALUE OF PLAINTIFF AVIA-
TOR'S SERVICES NOT ADMISSIBLE, WHERE
WITNESS HAD NO KNOWLEDGE THEREOF.

In an action by an aviator, who did ex-
hibition flights for defendants at a fair, defend-
ants should not be allowed to testify as to the
value of such services, where there was no
showing that they had any knowledge as to the
matter.

11. WORK AND LABOR ⊛⟹27(3) — VALUE OF
AVIATOR'S SERVICES TO DEFENDANT INAD-
MISSIBLE.

In an action by an aviator, who did exhibi-
tion flying for defendants at a fair, testimony
as to the value of such services to defendants
is inadmissible.

12. WORK AND LABOR ⊛⟹24(1)—PLAINTIFF,
CLAIMING UNDER COMMON COUNTS, MAY
RECOVER SUM DUE ON EXPRESS CONTRACT.

Under the common counts plaintiff may re-
cover the amount due on an express contract
for services, if the same has been fully per-
formed and nothing remains but the payment
of the amount due, or a reasonable sum for
the services rendered, provided that they were
rendered at defendant's request, aside from
the express contract declared on.

13. TRIAL ⊛⟹139(1)—GENERAL AFFIRMATIVE
CHARGE PROPERLY REFUSED.

Where there is evidence to support recov-
ery by plaintiff, a general affirmative charge
is properly refused.

14. TRIAL ⊛⟹260(1) — REFUSAL OF CHARGE
COVERED BY OTHERS PROPER.

The refusal of a charge fully covered by
others is proper.

15. CONTRACTS ⊛⟹346(16)—WHERE CONTRACT
PROVEN WAS MODIFICATION OF THE ONE
DECLARED ON DEFENDANT ENTITLED TO A
GENERAL CHARGE.

Where the express contract proved was
a modification of the one declared on in a par-

ticular count, defendant is entitled to a gen-
eral charge as to that count.

16. APPEAL AND ERROR ⊛⟹1062(3)—THE RE-
FUSAL OF A GENERAL CHARGE AS TO A PAR-
TICULAR COUNT HARMLESS.

The refusal of a general charge, on account
of variance between the contract proved and
the one alleged, held harmless, where plaintiff
was entitled to recover the same amount under
common counts.

Appeal from Circuit Court, Cherokee
County; W. W. Haralson, Judge.

Assumpsit by Johnny Green against Joe W.
Baker and C. N. Lowe. Judgment for plain-
tiff, and defendants appeal. Affirmed.

The defendants and Young entered into an
agreement for an aviator to make a certain
number of flights at a fair in Cherokee coun-
ty; the aviator specified being Bruner, who
was to make loop flights. Something hap-
pened to Bruner's plane just before the date
for the flights, and the plaintiff was sent
as a substitute for Bruner, and when he
arrived with his plane he stated to the
parties that he came as a substitute for Bru-
ner, that he made nothing but straight
flights, and after some dickerings a flying
field was selected and he made three flights.
The cause of action is stated in the common
counts and count 3, which is as follows:

The plaintiff claims of the defendants the
further sum of $500 due from them under and
by the certain contract in writing executed by
them on, to wit, October 19, 1917, with one F.
E. Young, under and by the terms of which the
defendants agreed to pay to said Young, or his
duly authorized representative, styled the avia-
tor in said contract, the sum of $500, in con-
sideration that the said Young should furnish
the defendants an aviator, namely, Harold M.
Bruner, with one aeroplane, to make flights on
the grounds known as Cherokee County Fair
Grounds in the vicinity of Center, Ala., as
shown by said contract, a copy of which is here-
to attached, marked Exhibit A, to this third
count of this complaint, and is made part of
said count 3. The plaintiff further avers that
the defendant accepted the plaintiff as an avia-
tor to make said flights under said contract
in place of said Harold M. Bruner. The plain-
tiff further avers that said contract was trans-
ferred and assigned by said F. E. Young be-
fore this suit was brought to the plaintiff, in
that said F. E. Young indorsed the following
transfer on the back of said contract to wit:

"Memphis, Tenn., 10/23.

"Joe W. Baker, Center:

"Pay amount inclosed contract to Johnny
Green, aviator, who is substituted for Bruner
on account of accident and inability to reach
Center. Yours, etc.,      F. E. Young."

And plaintiff avers that the indebtedness due
under the said contract was thereby assigned
by said F. E. Young to the plaintiff. The plain-
tiff says that the defendants accepted the plain-
tiff in the place of said Harold M. Bruner as
the aviator under said contract to perform said

contract. The plaintiff further avers that he kept and performed said contract and that the defendants breached the same, in that they failed to have paid the said contract and that said sum of $500 agreed to be paid by them under said contract, and that said sum is now past due and unpaid, with the interest thereon. [Here follows contract set out in full.]

Assignments of error No. 2 relates to certain interrogatories and the answers thereto as to changes made in the original contract and certain letters and telegrams concerning the accident to Bruner and the substitution of Green.

Assignment of error No. 6 is that the court erred in sustaining objection to the question propounded to Joe Baker as follows:

"Did you sign that contract on the representations made in that letter?"

Assignments 7 and 8 sufficiently appear, as do the other assignments.

Hugh Reed, of Center, for appellants.

Court erred in admitting the contract until the transfer thereof had been proven. 195 Ala. 175, 70 South. 723; 77 South. 238; 15 Ala. 293. Counsel discuss the fourth, fifth, and sixth assignments of error, but without citation of authority. The court erred in not permitting the appellant to testify whether or not Green performed his contract. 137 Ala. 513, 34 South. 816; 153 Ala. 573, 44 South. 1016; 127 Ala. 504, 29 South. 31; 163 Ala. 495, 50 South. 882.

White & Lusk, of Gadsden, for appellee.

The suit was properly brought in Green's name. Section 2489, Code 1907; 13 Corpus Juris, 705. Plaintiff was entitled to recover under the common counts, and no injury intervened as to count 3. 193 Ala. 94, 69 South. 436; 8 South. 101; 9 Ala. App. 311, 63 South. 799. Assignment of error 2 is not well taken. 176 Ala. 596, 58 South. 913, 40 L. R. A. (N. S.) 1191. Counsel discuss assignments 4 and 5, but without citation of authority. The sixth assignment is not well taken. 9 Ala. App. 445, 63 South. 691. This is true of the seventh and eighth assignments. 11 Ala. App. 510, 66 South. 926. Green was competent to testify as an expert as to the value of the flights. 9 Ala. App. 449, 63 South. 762; 14 Ala. App. 202, 69 South. 233. Baker and Lowe were not competent to testify as to this matter. 14 Ala. App. 448, 70 South. 298.

SAMFORD, J. [1] Count 3 of the complaint claimed for the breach of a contract entered into between one Young and defendants, wherein Young agreed to furnish one expert aviator, with one areoplane, to make flights on the fair grounds in Cherokee county on October 24, 25, and 26, and the defendants agreeing to pay to the aviator making the flights the amounts stipulated. It was further stipulated in the contract that the aviator should be "Bruner in looping flights." There were other stipulations in the contract not necessary here to mention. It was alleged in the complaint that the defendants accepted plaintiff as a substitute for Bruner, and that as such substitute he performed the contract as modified. By the terms of the contract set out in the complaint the aviator is not only authorized to receive the amounts to be due under the contract, but is shown to be the real party in interest, and therefore action on the contract was properly brought in his name. Code 1907, § 2489. The demurrers to count 3 were properly overruled.

[2, 3] The objections to evidence made the basis of the second assignment of error are not well taken. Letters and documents relating to the contract sued on and preliminary to its consummation, passing between the parties, are relevant and material to the issues involved. McGowin Lumber & Export Co. v. Camp Lumber Co., 77 South. 433.[1] The contract sued on in this case is not governed by the law merchant relative to commercial paper. The indorsement on the contract, addressed to Joe Baker: "Pay amount inclosed contract to Johnny Green, aviator, who is substituted for Bruner on account of accident and inability to reach Center," and signed "F. E. Young," and the effect of substituting plaintiff for Bruner, were subject to the acceptance of the defendant, and, when so accepted, the rights of Bruner under the contract were transferred to plaintiff, and plaintiff became the party entitled to maintain the suit for a breach under the terms of the contract itself. Young was not authorized to receive payment for services to be rendered under the contract, but it was expressly agreed that payment should be made to the aviator.

[4, 5] As has already been seen, telegrams relating to contracts preliminary to their making are pertinent and material, and likewise telegrams and communications passing between the parties relative to a modification are also admissible. McGowin Lumber & Export Co. v. Camp, etc., supra. The original of the letter from Young having been offered by appellants rendered harmless the error admitting its copy.

[6, 7] The objection made the basis of assignment No. 6 is not well taken. There is no plea of fraud in this case, and, if there had been, the question called for the conclusion of the witness. Besides, the defendant did not make known to the court what he expected the answer of the witness to be. In such cases the trial court will not be put in error for sustaining an objection to a question, unless the question itself discloses to the court what is expected by the answer.

[1] 16 Ala. App. 283.

[8] The seventh and eighth assignments of error are based upon the ruling of the court in sustaining objections to the question asked each defendant, "Did he perform his contract?" This question clearly called for a conclusion. In fact, it was the very question then being submitted to the jury for its determination.

[9] There was a count in the complaint for services performed, for which recovery might be had, independently of the original contract. Hence it was competent to prove by plaintiff the value of services rendered. The objection to the ruling of the court made the basis of the ninth assignment is not well taken.

[10, 11] The tenth and eleventh assignments are based upon the court's refusal to allow defendants to testify to the reasonable value of the services of plaintiff. They were not shown to have any knowledge of the value of such services, and besides the questions asked were, not what were the value of the services rendered, but what were they worth to defendants? The rulings of the court were obviously without error.

[12, 13] The complaint included the common counts, as well as a count on the special contract. Under the common counts the plaintiff might recover the amount due on the express contract, if the express contract had been fully performed, and nothing remained but the payment of the amount due defendant or for the reasonable value of the services rendered, provided such services were rendered at the request of the defendants, aside from the express contract declared on. 2 Mayfield's Digest, p. 258, § 333. There was evidence tending to sustain each of these theories, and hence the general affirmative charge was properly refused.

[14] The basis of the thirteenth assignment of error is the refusal of the court to give charge 2. This charge is fully covered by a charge given at the request of the defendants and in the general charge of the court.

[15, 16] The fifteenth assignment is based upon the court's refusal to give at the request of the jury the general charge as to count 3 of the complaint. The express contract proved in this case by the evidence of plaintiff was a modification of the contract declared on, to such an extent as to constitute a variance entitling defendants to the general charge on this count. Charge 3 should have been given as requested. Prestwood v. Eldridge, 119 Ala. 72, 24 South. 729. But, as has been seen, if the modified contract was established to the satisfaction of the jury, and nothing remained of its performance but the payment of the money due, the plaintiff could recover under the common counts, and the failure to give charge 3 as requested was without injury to the defendants.

The motion for a new trial was properly overruled.

We find no error in the record. Let the judgment be affirmed.

Affirmed.